UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS SANTOS, individually, and on behalf of all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> NOVICK, EDELSTEIN, LUBELL, REISMAN, WASSERMAN & LEVENTHAL, P.C., <br><br> Defendant. | Case No.: <br><br><br> CLASS ACTION COMPLAINT |

Plaintiff, Thomas Santos, individually and, on behalf of all other similarly situated consumers, alleges:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district under 28 U.S.C §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in New York, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5. Defendant is a law firm doing business in the State of New York, with its principal place of business located at 733 Yonkers Avenue, Yonkers, New York 10704 and is a "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

6. Defendant is also considered a "debt collection agency" under NYC Administrative Code 20-489 in that Defendant is engaged in business the principal purpose of which is to regularly collect or attempt to collect debts owed or due to another. Further, Defendant regularly engages in activities traditionally performed by debt collectors, such as contacting debtors through the mail or via telephone with the purpose of collecting a debt.

## FACTUAL STATEMENT

7. On a date better known by Defendant, Plaintiff allegedly incurred a debt stemming from a personal rental.

8. Said rental was a debt incurred for personal, family or household purposes and not for business purposes.

9. To this end, on May 14, 2018, Defendant sent Plaintiff a dunning letter seeking to collect the alleged debt. Exhibit A.

10. The collection letter misstated Plaintiff's rights and failed to provide the necessary disclosures.

11. 15 U.S.C. § 1692g mandates that debt collectors provide certain notices in communications to consumers. In accordance with the statute, the notice <u>must</u> contain a statement that "if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt **or a copy of a**

2

**judgment against the consumer** and a copy of such verification **or judgment** will be mailed to the consumer by the debt collector." 15 U.S.C. § 1692g (a)(4).

12. Defendant's letter fails to mention anything concerning a judgment despite being strictly required by the FDCPA, a strict liability statute.

13. Defendant's letter is also false, deceptive and misleading, because it falsely states that Plaintiff only has thirty days to dispute the debt: "You have thirty (30) days from receipt of this notice to dispute the debt or any portion thereof." Exhibit A.

14. The least sophisticated consumer reading this sentence would be left with the belief that any dispute after the thirty day period would not be allowed, or considered. This is not correct. A consumer is allowed to dispute a debt after the thirty day period has expired. However, after that period, the debt will be assumed valid. Defendant's subsequent statement, "If you fail to do so, we will assume the debt is valid" does little to correct the consumer's proper reading of the letter which states that a dispute can *only* be made within thirty days.

15. 15 U.S.C. § 1692g(a)(3) requires a statement that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." There is a substantive difference between providing this statement, and providing the statement that Defendant provided in its letter. Specifically, Defendant's letter clearly implies that a dispute made after the thirty period, will not only have no impact on the debt being considered valid, but will otherwise not be allowed or considered at all. This is false. A consumer dispute is allowed after the 30 day period, see e.g. 15 U.S.C. § 1692e(8) which is not limited to 30 days.

16. Defendant's letter is also false, deceptive and misleading, because it states: "This opportunity to dispute the debt, or any portion thereof, is separate from any response that you are required to make or any action that you are required to take with respect to any other legal notice

you may receive." This sentence is confusing and also leaves the least sophisticated consumer with the belief that any consumer dispute after the thirty day period would not be allowed, or considered.

## CLASS ACTION ALLEGATIONS

### The Class

17. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

18. Plaintiff seeks certification of the class, initially defined as follows:

All consumers with a New York address that have received collection letters substantially similar to Exhibit A for debts incurred for personal, family, or household use, within one year prior to the filing of this complaint.

19. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

20. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

21. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

22. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

23. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

24. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

25. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

26. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

### Proceeding Via Class Action is Superior and Advisable

27. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

28. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

29. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

30. Certification of a class is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

32. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

33. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

34. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

35. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

36. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

37. Section 1692g provides:

> **§ 1692g. Validation of Debts**
>
> **(a) Notice of debt; Content. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –**

**(1) the amount of the debt;**

**(2) the name of the creditor to whom the debt is owed;**

**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; ; and**

**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts; If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

WHEREFORE, Plaintiff, Thomas Santos, respectfully requests that this Court do the following for the benefit of Plaintiff:

    A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

D. Award costs and reasonable attorneys' fees;

E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

38. Plaintiff demands a jury trial on all issues so triable.

Dated this 25th of October, 2018.

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq. (DZ9899)
Elizabeth Apostola, Esq. (EA0423)
ZEMEL LAW, LLC
1373 Broad Street, Suite 203C
Clifton, New Jersey 07013
Phone: (862) 227-3106
Fax: (973) 282-8603
dz@zemellawllc.com
ea@zemellawllc.com
Attorneys for Plaintiff